IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUZ SANCHEZ PIÑERO,

    Plaintiff,

v.

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.,

    Defendants.

CIVIL NO. 08-1374 (RLA)

**ORDER GRANTING MOTION TO DISMISS AND
DENYING MOTION TO SET ASIDE PARTIAL JUDGMENT
AND MOTION TO REMAND**

Currently before the court for disposition are plaintiff's Motion to Set Aside Partial Judgment (docket No. 35), the federal defendant's Motion to Dismiss (docket No. 46) and plaintiff's request for remand (docket No. 52).

The court having reviewed the arguments presented by the parties as well as the evidence on record hereby disposes of the outstanding motions as follows.

**I. PROCEDURAL BACKGROUND**

This action arose due to plaintiff's damages allegedly resulting from her fall due to a slippery substance while walking down the stairs at the V&B Apartments in Barceloneta, Puerto Rico.

Named defendants to the complaint were: United States DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT ("HUD") and EXCELLENCE MANAGEMENT AUDITS AND REALTY, CORP. ("EMARCO").

The claims asserted against HUD are premised on the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 whereas EMARCO's

**CIVIL NO. 08-1374 (RLA)**                                                            **Page 2**

liability is based on negligence as provided for in art. 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 (1990).

On September 10, 2008 (docket No. 33), the court issued a partial judgment dismissing the claims asserted against codefendant EMARCO as time-barred.[1]

Plaintiff has moved the court to set aside EMARCO's dismissal arguing that this action is not time-barred inasmuch as defendants to these proceedings are joint tortfeasors and the administrative claim submitted to HUD on April 3, 2007 pursuant to 28 U.S.C. § 2675(a) tolled the statute of limitations as to both.

Subsequently, HUD petitioned dismissal of the claims asserted against it. Plaintiff did not oppose HUD's motion but rather, she concurred with the arguments set forth by the federal defendant in support of the dismissal and requested instead remand of the claims asserted against EMARCO to the state court.[2]

Because we find the arguments advanced by HUD in its motion to dismiss dispositive of the issues set forth by plaintiff in support of her motion to vacate EMARCO's partial judgment, we shall address them first.

## II. MOTION TO DISMISS

First, we must note that the United States of America is the sole proper party defendant in an action based on negligence filed under the FTCA. Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000).

---

[1] The court further found that there was no *in personam* jurisdiction over this codefendant.

[2] See Motion in Compliance (docket No. **52**).

**CIVIL NO. 08-1374 (RLA)**                                                                                           **Page 3**

Thus, plaintiff may not prosecute her negligence claim directly against HUD.

The United States, as a sovereign, is immune from suit unless it waives its immunity by consenting to be sued. *See*, United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); Bolduc v. United States, 402 F.3d 50, 55 (1st Cir. 2005) (United States immune except to extent it waives its immunity); Dynamic Image Tech., Inc. v. United States, 221 F.3d 24, 39 (1st Cir. 2000) ("As a sovereign nation, the United States is immune from liability except to the extent that it consents to suit."); Day v. Massachusetts Air Nat'l Guard, 167 F.3d 678, 681 (1st Cir. 1999) ("[a]s sovereign, the United States may not be sued for damages without its consent.") Limitations to the sovereign immunity of the United States such as the FTCA must be strictly construed and are not subject to waiver. Patterson v. United States, 451 F.3d 268, 270 (1st Cir. 2006); Dynamic Image Tech., 221 F.3d at 39.

The FTCA waives the sovereign immunity of the United States "in the same manner and to the same extent as a private individual under like circumstances." *See*, Sosa v. Alvarez-Machain, 542 U.S. 692, 700, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2005) (FTCA designed to remove immunity from torts similar to private individuals); Santoni v. Potter, 369 F.3d 594, 602 (1st Cir. 2004) ("[FTCA] provides a limited congressional waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of

their employment [similar to private parties in similar circumstances]"); Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000) ("FTCA waives the sovereign immunity of the United States with respect to tort claims").

Pursuant to the FTCA, the United States is liable for the negligence of its employees. Government employees are defined as "officers or employees of any federal agency." 28 U.S.C. § 2671. Federal agencies in turn are "instrumentalities or agencies of the United States but does not include any contractor with the United States." *Id*.

Hence, it is axiomatic that the federal government will not be liable for the negligence of independent contractors. Roman v. Orleans, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); Logue v. United States, 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973); Larsen v. Empresas El Yunque, Inc., 812 F.2d 14 (1st Cir. 1986); Brooks v. A.R. & S. Enterprises, Inc., 622 F.2d 8, 10 (1st Cir. 1980).

An independent contractor relationship exists in situations where the United States does not have the authority to control the contract's performance. Logue, 412 U.S. at 523. In this vein, the determining factor is, "whether the United States directs the manner in which the contractor carries out its obligations under the contract." Brooks, 622 F.2d at 11. The "key question [is] 'whether the day-to-day operations of the agency were supervised by the Federal Government.'" Larsen, 812 F.2d at 15 (quoting Orleans, 425 U.S. at 815). "If day-to-day control over the contractor exists, the United States is liable for injuries caused by the negligence of the

**CIVIL NO. 08-1374 (RLA)**                                                                                          **Page 5**

contractor's employees. We must determine, therefore, whether the United States maintained sufficient control over the daily operations of [the independent contractor] to subject the government to liability for the negligence of [the independent contractor's] employees". Brooks, 622 F.2d at 10-11.

It is important to note, however, that "'[t]he right to inspect does not nullify the general rule that the government is not liable for torts of independent contractors.'" Larsen, 812 F.2d at 15 (quoting Brooks, 622 F.2d at 12). *See also*, Perez v. United States, 594 F.2d 280, 287 (1st Cir. 1979).

In this case it stands undisputed that at all times relevant HUD had no interest in or control over the V&B Apartments. It did not provide rental subsidies or any other financial assistance to the property where the alleged incident occurred. Additionally, HUD was not the financier or insurer of the mortgage securing the V&B Apartments.

In other words, the V&B Apartments were not owned by HUD; were not under its control, and do not fall under HUD's regulatory jurisdiction. Consequently, HUD did not have any control or jurisdiction over the accident site. As such, HUD is not liable for the alleged lack of illumination of the area nor any purported dangerous condition which caused plaintiff's fall.

Additionally, in its motion to dismiss the federal defendant notes that the United States DEPARTMENT OF AGRICULTURE, RURAL

DEVELOPMENT ("RD"), does have an interest in the V&D Apartments.[3] However, it is uncontroverted that RD's interest does not include the supervision of the daily operations and maintenance of the apartment complex at issue.

As correctly pointed out by the Government, federal funding and the right to inspect to ensure compliance with a federal contract terms and conditions does not render the United States liable for the negligent acts or omissions of an independent contractor. Further, in this case, the Government's position that RD was not responsible for the day to day operations or maintenance of the physical facilities comprising the V&B Apartments is unchallenged.

Accordingly, the Motion to Dismiss filed by the United States of America (docket No. **46**) is **GRANTED** and the claims asserted against HUD are hereby **DISMISSED**.

### III. MOTION TO SET ASIDE PARTIAL JUDGMENT

Plaintiff has moved the court to set aside the Partial Judgment issued on September 10, 2008 (docket No. 33) dismissing the claims asserted against codefendant EMARCO as time-barred. In essence, plaintiff avers that she tolled the limitations period by means of an extrajudicial claim submitted to the United States, EMARCO's alleged joint tortfeasor.

In its opposition to plaintiff's request, EMARCO raises two separate arguments in support of the validity of the Partial

---

[3] V&B Apartments is a rental housing project financed by a direct government loan from the Rural Rental Housing Program, 42 U.S.C. § 1485. It also receives rental assistance payments under the Rental Assistance Program, 42 U.S.C. 1490a.

**CIVIL NO. 08-1374 (RLA)**                                                          **Page 7**

Judgment. First, codefendant contends that any entreaties made to the United States did not have any tolling effect on the claims asserted against it. Additionally, EMARCO argues that plaintiff having twice moved for voluntary dismissal of her suits she is now precluded from filing yet a third complaint.

The following summarizes the relevant events for purposes of the statute of limitations in this case:

| | |
|---|---|
| **1/22/06** | Plaintiff's accident. |
| **3/16/06**[4] | Complaint filed in state court. |
| **5/18/06** | Case removed to federal court. |
| **5/26/06** | Plaintiff's request for voluntary dismissal in federal case. |
| **5/30/06** | Judgment dismissing federal case upon plaintiff's request for voluntary dismissal. |
| **\*\*\*** | Plaintiff's request for voluntary dismissal in state court case. |
| **9/27/06** | Judgment dismissing state court case upon plaintiff's request for voluntary dismissal. |
| **4/3/07** | Plaintiff submitted administrative claim to HUD. |
| **9/24/07** | Plaintiff' claim letter to EMARCO. |
| **9/28/07** | HUD denied plaintiff's administrative claim. |
| **3/28/08** | Instant complaint filed. |

---

[4] The complaint was stamped twice by the Clerk of the Court, once on March 16, 2006 and the other on March 23, 2006. However, for purposes of this Order this difference is immaterial.

**CIVIL NO. 08-1374 (RLA)**                                                                  **Page 8**

### A. Twice Dismissed Rule

According to the evidence before us, plaintiff's accident occurred on January 22, 2006, and plaintiff filed her initial complaint in the Manati state court on March 16, 2006 [CD06-332]. Codefendant HUD removed the state action to federal court on or about May 8, 2006,[5] where it was assigned Civ. No. 06-1452. Thereafter, on May 26, 2006, plaintiff requested voluntary dismissal of the federal suit. Judgment of dismissal was entered on May 30, 2006, pursuant to Rule 41(a)(1) Fed. R. Civ. P.

At some point plaintiff also requested dismissal of the Manati proceedings which the local court granted without prejudice on September 27, 2006, pursuant to P.R. Civ. P. Rule 39.1(a)(1).

Codefendant raises the "two-time filing" rule which provides that a voluntary dismissal filed pursuant to Rule 41(a)(1)(A) Fed. R. Civ. P. is without prejudice "[b]ut if the plaintiff previously dismissed any federal-or-state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."[6]

Thus, the relevant inquiry for purposes of this Order is whether Manati case CD06-332 and the removed action, i.e., Civ. No. 06-1452, are two separate suits or should be deemed only one for purposes of the "twice dismissed" rule.

---

[5]  See Notice of Removal (docket No. 1) in Civ. No. 06-1452.

[6]  P.R. Civ. P. Rule 39.1(a)(2) essentially provides the same.

Removal to the federal court merely entails continuation of the original suit in a different forum based on the complaint initially filed in state court. "After removal of an action from state court, the federal district court acquires full and exclusive subject matter jurisdiction over the litigation. The case will proceed as if it had been brought in the federal court originally." 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 378 p. 390 (3d ed. 1998).

Based on the foregoing, we must conclude that both the state and federal removal actions are but the continuation of one. Accordingly, EMARCO's argument for dismissal based on the twice dismissed provision established in Rule 41(a)(1)(A) is found inapposite to the situation at bar.

## B. Timeliness

In Puerto Rico, the applicable period for instituting actions sounding in tort is one year as provided for in P.R. Laws Ann. tit. 31, § 5298 (1990). This term may be tolled either via: (1) judicial proceedings, (2) extra-judicial claims, and (3) acknowledgment of the debt by the person liable. § 5303.

### (I) Judicial Proceedings

As previously noted, pursuant to § 5303 one of the options available for tolling the one-year limitations period is by instituting judicial proceedings. The tolling takes effect by the mere filing of the complaint - without regard to service of process or the fact that the court may eventually be found to lack jurisdiction - and lasts until the judicial proceedings have come to

**CIVIL NO. 08-1374 (RLA)**                                                       **Page 10**

an end. Martínez Arcelay v. Peñagaricano, 145 D.P.R. 93 (1998); Agosto v. Municipio de Rio Grande, 143 D.P.R. 174 (1997); Durán-Cepeda v. Morales-Lebrón, 112 D.P.R. 623 (1982); Moa v. Commonwealth, 100 P.R.R. 572, 589 (1972).

Once the judicial proceedings have concluded[7] the full one-year term will commence to run anew. De León Crespo v. Caparra Center, 147 D.P.R. 797 (1999); Silva-Wiscovich v. Weber Dental Mfg. Co., 119 D.P.R. 550 (1987); Durán-Cepeda. *See also*, Rodriguez Narvaez v. Nazario, 895 F.2d 38, 43 (1st Cir. 1990).

### (ii) Extra Judicial Claims

It is plaintiff's burden to establish the adequacy of an extra-judicial claim which complies with the pertinent legal requirements. González Rodríguez v. Wal-Mart, Inc., 147 D.P.R. 149 (1998). *See also*, Acosta Quiñones v. Matos Rodríguez, 135 D.P.R. 668, 675 (1994)

---

[7] The Puerto Rico Supreme Court has determined that in those particular instances wherein plaintiff voluntarily desists from his claim pursuant to P.R. R. Civ. P. Rule 39.1(a)(1) - before the opposing party has answered the complaint or filed a summary judgment request - the new limitations period will run from that date and not from the date when pertinent judgment is issued by this court. This is so because at that particular point in the proceedings the plaintiff still has an unconditional right to withdraw his claim. Thus, in cases falling within the provisions of Rule 39.1(a)(1) the judgment acknowledging plaintiff's will is a mere formality.

> [T]he filing of the notice of dismissal with the court puts an end to the litigation and, thus, is the date on which a new period of limitations begins to run. The unequivocal expression of the intent to dismiss the action conclusively determines that the interruptive effect of the judicial action ceased. Subsequent events, such as the date on which the court renders judgment, files and serves notice of the same, or the date on which the judgment becomes final and unappealable, have nothing to do with the effectiveness of said expression of intent and are therefore totally irrelevant.

Garcia Aponte v. Commonwealth of P.R., 1994 P.R.- Eng. 909243, 135 D.P.R. 137 (1994).

(it behooves claimant to prove the extra-judicial claim by direct or circumstantial evidence).

In order for extra-judicial claims to effectively toll the statutory period the demand must be made by the injured party or his representative to the person responsible for the damages, prior to the lapse of the statutory period, and must relate to the same cause of action alleged in the complaint. De León Crespo; González Rodríguez. The demand need not comply with any formal requirement. However, it must convey an unequivocal desire by an injured party not to lose a right when threatened to lose it. Acosta Quiñones, 135 D.P.R. at 675 (quoting Zambrana Maldonado v. E.L.A., 129 D.P.R. 740, 752 (1992)). That is, "it must require or demand the same conduct or relief ultimately sought in the subsequent lawsuit." Tokyo Marine and Fire Ins. Co., Ltd., 142 F.3d 1, 5 (1st Cir. 1998) (citing Rodriguez Narvaez, 895 F.2d at 44).

### (iii) The Facts

We shall begin by examining the previous related judicial proceedings to ascertain whether or not they effectively tolled the applicable limitations period. However, in order to properly assess the potential tolling effect of these prior cases, we must first consider the nature of the removal process and its consequences on the underlying local proceedings.

Once the party seeking removal has complied with all the necessary legal measures provided for in 28 U.S.C. § 1446, the local court is proscribed from acting any further in the state case. "[R]emoval is effected by the defendant taking three procedural

steps: filing a notice of removal in the federal court, filing a copy of this notice in the state court, and giving prompt written notice to all adverse parties" Wright & Miller § 3737 p. 381, whereupon "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Upon movant having met the aforementioned procedural requirements, "the state court is divested of jurisdiction... [and] must stop all proceedings unless and until the case is remanded. Any state action after the filing of the removal notice is void, even if the case is subsequently remanded... Further, the state court has no authority to act after a federal court dismisses rather than remands a case." 16 James Wm. Moore et al., Moore's Federal Practice - Civil ¶ 107.31.

Plaintiff's first complaint was filed in the Manati state court on March 16, 2006, well within the one-year limitations period.[8] However, upon the case being removed to the federal forum the local action vanished for all practical purposes and merged with Civ. No. 06-1452. The Manati court had no authority to take any further action in CD06-332 once the United States perfected the removal process in May 2006. Hence, the judgment issued by the local court on September 27, 2006, is void and could have had no valid tolling effect.

Based on the foregoing, even though we take the date of filing of the initial local complaint as the start of the tolling period,

---

[8] The accident occurred on January 22, 2006.

**CIVIL NO. 08-1374 (RLA)** **Page 13**

the date when the federal removed proceedings concluded is the relevant one for purposes of when the tolling period ceased.

The removed federal action concluded in May 2006[9] and the instant suit was filed on March 28, 2008, that is, over one year subsequent thereto. This would render plaintiff's negligence claim against EMARCO stale unless plaintiff effectively tolled the limitations period via other means provided for in § 5303.

Plaintiff alleges that the administrative claim presented to HUD on April 3, 2007, as mandated by 28 U.S.C. § 2675(a), also operated as an extrajudicial demand with respect to EMARCO because both defendants are purportedly joint tortfeasors.

While it is true that pursuant to § 5304 tolling as to one tortfeasor will affect all other persons jointly liable for the damages, *see,* Tokyo Marine, in this case HUD[10] is not liable for the allegedly negligent circumstances propitiating plaintiff's fall. Specifically, based on the uncontested evidence on record, we have previously concluded in this Order that the federal government had no duty of care regarding the allegedly dangerous condition of the premises where plaintiff's unfortunate accident took place.

Thus, any extra judicial demands made upon the United States could have no possible tolling effect on codefendant EMARCO.

---

[9] For purposes of our ruling, it is immaterial whether this period is calculated from the filing of plaintiff's voluntary dismissal request on May 26, 2006, or from the date when the corresponding Judgment was entered on May 30, 2006.

[10] Or any other federal agency for that matter.

**CIVIL NO. 08-1374 (RLA)**                                               **Page 14**

Plaintiff did forward EMARCO a letter on September 24, 2007. Assuming this correspondence complied with the prerequisites for a valid extra-judicial claim under § 5303, it was forwarded to EMARCO well beyond the one-year term plaintiff had available to prosecute her claim against codefendant which term commenced to run anew at the end of May 2006.

Based on the foregoing, we find that plaintiff's claim against EMARCO is time-barred.

### IV. REQUEST FOR REMAND

Plaintiff conceded that no viable claim exists against HUD and petitioned the court for remand of the remaining cause of action against EMARCO. However, apart from the fact that the claims asserted against codefendant EMARCO are time-barred, remand is not a legally feasible option for plaintiff in these proceedings inasmuch as this case was initiated in the federal forum.

### V. CONCLUSION

Based on the foregoing, it is hereby ORDERED as follows:

- The Motion to Dismiss filed by the United States of America (docket No. **46**) is **GRANTED** and the claims asserted against HUD are hereby **DISMISSED.** Judgment shall be entered accordingly.
- Plaintiff's Motion to Set Aside Partial Judgment (docket No. **35**)[11] is **DENIED.**

---

[11] See Response in Opposition (docket No. **41**), Reply (docket No. **42**) and Sur-Reply (docket No. **43**).

**CIVIL NO. 08-1374 (RLA)**                                                          **Page 15**

- Plaintiff's Motion in Compliance and Requesting Remand (docket No. **52**)[12] is **DENIED**.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 16th day of December, 2008.

                                                S/Raymond L. Acosta
                                                RAYMOND L. ACOSTA
                                     United States District Judge

---

[12] See Federal Defendant's Opposition (docket No. **53**).